IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30990
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARECO D. HARRIS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(01-CR-50008-ALL)
--------------------
July 9, 2002
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mareco D. Harris ("Harris") appeals the district court's denial of his motion to suppress evidence that supports his conviction for possession with the intent to distribute 50 grams or more of cocaine base. Harris argues that the evidence, which was discovered during a pat-down search outside the bus on which he was a passenger, violated the Fourth Amendment. He contends that when the officers ordered him to display his ticket and step off the bus, he did not feel free to decline.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We apply a two-tier standard in reviewing a district court's denial of a motion to suppress. United States v. Hunt, 253 F.3d 227, 229 (5th Cir. 2001). The district court's fact findings are reviewed for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action is reviewed *de novo*. Id. at 229-30. The evidence is viewed in the light most favorable to the prevailing party. Id. at 230.

Police officers violate the Fourth Amendment when they board a bus and question passengers in such a way that a reasonable person would not feel free to terminate the encounter or decline the officer's request. See Florida v. Bostick, 501 U.S. 429, 435 (1991). Just last month, in United States v. Drayton, No. 01-631, 2002 WL 1305729 (U.S. June 17, 2002), the Supreme Court noted that the arrest of the defendant's friend on the bus should have put the defendant on notice of the consequences of continuing his interaction with the police. "The arrest of one person does not mean that everyone around him has been seized by the police." Id. at *8. Here, two officers identified themselves as law enforcement agents and informed the passengers that dogs were going to check the bus for illegal drugs. The passengers were also told that they were free to get off the bus with their luggage, but that those who did would be questioned.

Initially Harris remained on the bus, but was subsequently asked to step off because he and a previously arrested, narcotics-

2

possessing passenger were both traveling from the same place, to the same destination, on tickets issued consecutively and in the same name ("Harris"). As Harris was exiting the bus, the officer noticed a bulge on Harris's inner thigh, which observation led to the discovery of the narcotics in his possession. Under the totality of the circumstances, Harris's encounter with the officers did not violate his Fourth Amendment rights.

Harris's contention that the officers' search of the bus violated <u>Delaware v. Prouse</u>, 440 U.S. 648, 653-55 (1979), is meritless. The evidence presented at the suppression hearing established that the detention of the bus was random and that the bus driver and bus station manager consented to the search of the bus. <u>See</u> <u>United States v. Hernandez-Zuniga</u>, 215 F.3d 483, 487-89 (5th Cir.), <u>cert denied</u>, 531 U.S. 1038 (2000).

The district court did not err in denying Harris's motion to suppress.

AFFIRMED.

S:\OPINIONS\UNPUB\01\01-30990.0.wpd
4/29/04  4:41 pm

3